Smith, J.
It has been sf t led by. the Constitutional Court, in the cases of Whyle ads. Kendrick and McCaw vs. N. Smith, that a justice of the peace had jurisdiction in all cases ex contractu, for any sum not exceeding twenty dollars.
*476 ^ues^on has arisen from a misconstruction of the several laws giving justices jurisdiction: and giving them jurisdiction exclusive, without the intervention of a jury.
It is said in the 6th sect, of the 19th article of the constitution, “ the trial by jury, as heretofore used in this, state, shall be forever inviolably preserved.” Or if we look no further than those acts which extend the jurisdiction to a single justice, previous to the adoption of the constitution, it would necessarily be inferred that the trial by jury was not taken away, in unliquidated demands above three pounds. By the 13th sect, of the act for establishing county courts, (P. L. 371.) a summary jurisdiction is given to the justices of the several counties, to hear and determine all suits for any debt or demand, due by judgment, specialty, or account, for any sum or sums of money amounting to £5 sterling, without the solemnity of a jury. This is. also recognized by an act to amend the former act, passed the year following, (P. L. 401.) And by the act of 1799, (2 Faust, 318.) the legislature have raised the jurisdiction of the justices of the peace, and of the quorum throughout the state, in all cases arising from contract, to twenty dollars. And it would seem that they might, consistently, with the provisions of the constitution, have extended their jurisdiction to <s£5 sterling. I am therefore, against the motion.
Justices Brevard, Bay, Nott, and Grimke, concurred,
*477 Colcock J.
I am in favour of the motion. The question here is, what is the extent of the jurisdietion.of a single magistrate? The act for the trial 0f small and mean causes, passed June 13th, 1747, gives jurisdiction as far as to £20, old currency. The act of 12th March, 1786, extends the jurisdiction as far as to £5 sterling, where county courts are established, and a subsequent act of the 8th March, 1787, says, “ that the jurisdiction of a single magistrate, where county courts are established, shall extend to the trial of all cases of debt, not exceeding £3.” These are all the laws giving jurisdiction to single magistrates, previous to the adoption of the constitution. I am, therefore, of opinion, that the magistrate exceeded his jurisdiction in this case. The county court act gave summary jurisdiction to the justices of these courts, hut that, act has no application (in my opinion) to the case ; for there the power was given to the whole bench of judges. And that court has been abolished. The plaintiff then was entitled to his trial by jury, if he wished for one. The magistrate had no jurisdiction, and the' judgment was illegal.